

# NUMBER 13-23-00518-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## EX PARTE ARTURO RODRIGUEZ RAMIREZ

## ON APPEAL FROM THE COUNTY COURT
## OF KINNEY COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and West**
**Memorandum Opinion by Justice West**

Appellant Arturo Rodriguez Ramirez appeals the trial court's order denying his request for habeas relief. For the reasons stated below, we affirm the trial court's order.[1]

### I.    BACKGROUND

Appellant was arrested and charged with misdemeanor criminal trespass as a part of Operation Lone Star (OLS). Appellant subsequently filed a pretrial application for writ

---

[1] This appeal was transferred from the Fourth Court of Appeals in San Antonio pursuant to an order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001. We are required to follow the precedent of the transferor court to the extent that it differs from our own. TEX. R. APP. P. 41.3.

of habeas corpus, arguing that the State of Texas engaged in selective prosecution by choosing to prosecute men for criminal trespass but not to prosecute similarly situated women for the same offense, in violation of the Equal Protection clauses of the United States and Texas constitutions. The trial court denied appellant's habeas application.

## II.    DISCUSSION

On appeal, appellant argues that his selective-prosecution claim is cognizable in a pretrial habeas proceeding and that the trial court erred by denying his application for writ of habeas corpus.

## A.    Standard of Review

Generally, we review a trial court's ruling on a pretrial application for a writ of habeas corpus for an abuse of discretion. *See Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Ex parte Jarreau*, 623 S.W.3d 468 (Tex. App.—San Antonio 2020, pet. ref'd). "However, when, the resolution of the ultimate issue turns on the application of purely legal standards, we review the trial court's ruling de novo." *Jarreau*, 623 S.W.3d at 472. We will uphold the trial court's ruling "if that ruling was supported by the record and was correct under any theory of law applicable to the case." *Armendariz v. State*, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003) (citing *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000)). "That rule holds true even if the trial court gave the wrong reason for its ruling." *Id.* at 404 (citing *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990)).

**B.      Cognizability**

In his brief, appellant argues his pretrial application for writ of habeas corpus based on a claim of selective prosecution is cognizable on appeal. The State, however, disputes this argument.

From our review, the facts and arguments in this case are substantively the same as those in *Ex parte Aparicio*, in which the Court of Criminal Appeals concluded that the appellant's claim of selective arrest and prosecution was cognizable under the facts of that case. 707 S.W.3d 189, 202 (Tex. Crim. App. 2024), *cert. denied sub nom*. *Aparicio v. Texas*, No. 24-6057, 2025 WL 1787753 (U.S. June 30, 2025). Accordingly, we conclude that appellant's claim is cognizable.

**C.      Selective Prosecution**

To establish a prima facie case of "selective prosecution or selective enforcement, the claimant must prove with 'exceptionally clear evidence' that: 1. The prosecutorial policy had a discriminatory effect; and 2. it was motivated by a discriminatory purpose." *Aparicio*, 707 S.W.3d at 204 (citations omitted). The second prong requires the claimant "definitively show that an otherwise facially neutral law is being administered in bad faith— that it was 'directed so exclusively against a particular class of persons . . . with a mind so unequal and oppressive' that equal protection of the law was denied." *Id.* at 208 (emphasis in original) (quoting *U.S. v. Armstrong*, 517 U.S. 456, 464–65 (1996)). In other words, the claimant must show by "'exceptionally clear evidence' that the OLS mindset administering the facially neutral criminal trespass law was 'so unequal and oppressive' against him because he is male." *Id.* at 210 (emphasis in original) (citations omitted).

The evidence here is substantively the same as the evidence presented in *Aparicio*. *Id.* at 189. We therefore conclude, based on our review of the entire record and after considering the parties' arguments, that the evidence is insufficient to show that the State of Texas' policy was motivated by a discriminatory purpose. *Id.* at 204.

### III.    CONCLUSION

Because appellant failed to establish the second prong of his selective prosecution claim, the trial court did not err in denying his application for writ of habeas corpus. Accordingly, we affirm the trial court's order denying appellant's pretrial application for writ of habeas corpus. We also dismiss any pending motions as moot.

JON WEST
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
20th day of November, 2025.